

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

May 26, 1953

Hon. Frank R. Nye, Jr.
County Attorney
Starr County
Rio Grande City, Texas

Dear Sir:

Opinion No. S-44

Re: Maximum compensation
and expense allowance
of county commission-
ers of Starr County.

You have requested an opinion on the maximum compensation and travel expense allowance of the county commissioners of Starr County.

Starr County has a population of 13,948 and has a tax valuation (according to the 1952 tax rolls) of $29,391,145 and had a tax valuation in 1948 (1947 tax rolls) of $17,930,030.

The compensation of the county commissioners is governed by the provisions of Articles 2350 and 3912g, Vernon's Civil Statutes. Article 2350 provides for a base compensation of the county commissioners of Starr County of $3000. Article 3912g authorizes an increase in compensation "in an additional amount not to exceed 25% of the sum allowed under the law for the fiscal year of 1948." The sum allowed under the law for the fiscal year 1948 to the county commissioners of Starr County was $2500. Article 2350, V.C.S.; Att'y Gen. Op. V-1140 (1951). Consequently, Article 3912g authorizes an increase in an amount not to exceed $625 (25% of $2500); and the maximum compensation of the county commissioners of Starr County is $3625 ($3000 plus $625). We point out, however, that Section 1 of Article 3912g provides that the commissioners' court may not raise the salaries of any of the members of the commissioners' court "under the terms of this Act without raising the salary of the remaining county officials in like proportion."

Your second question concerns the maximum travel expense allowance which the commissioners in your county may receive.

Article 2350(6), V.C.S., originally enacted in 1941 and last amended in 1949, authorizes the payment of traveling expenses not to exceed four cents per mile to county commissioners acting as road commissioners in certain counties (presently including Starr County) for travel in the discharge of their duties as road commissioners. Reimbursement under this statute is limited to travel in the performance of these specific duties.

Article 2350(7), V.C.S., enacted in 1943, permits an allowance of not more than $25 per month to each county commissioner in counties having a population under 25,200 for travel within the county. Article 2350n, V.C.S. (Acts 52nd Leg., 1951, ch. 456) also authorizes the payment of traveling expenses of members of the commissioners' court while on official business within the county, the maximum amount being fixed according to population of the county. For counties having a population under 21,500, the maximum amount which may be allowed each member is $50 per month. Section 4 of this statute states that its provisions shall apply only to those counties not furnishing an automobile, truck, "or by other means providing for the traveling expenses of its commissioners."

Since Article 2350n was enacted after Article 2350(7), it has superseded Article 2350(7) in fixing the maximum travel allowance to commissioners unless the quoted language has the effect of excluding counties under 25,200 from the terms of Article 2350n.

This office has heretofore considered the meaning of the quoted language in Opinion V-1277 (1951) and in letter opinions to Hon. J. C. Patterson, County Attorney of Knox County, dated March 5, 1952, and to Hon. J. Taylor Brite, County Attorney of Atascosa County, dated June 13, 1952. In the latter two letter opinions it was held that Article 2350n was applicable only to those counties not previously authorized to allow the county commissioners traveling expense within the county and that commissioners in counties having a population under 25,200 were limited by Article 2350(7) to $25 per month for travel within the county.

Upon a reconsideration of these opinions, we have concluded that this holding is too broad. We believe Section 4 of Article 2350n was intended to mean

only that commissioners who were being furnished a
vehicle by the county or who were actually being
reimbursed for travel within the county under some
other statute could not be granted, in addition, a
travel allowance under Article 2350n.  The fact that
some prior statute merely permitted commissioners to
receive a travel allowance would not preclude them
from being granted an allowance in accordance with
Article 2350n if they were not in fact receiving
other reimbursement for travel within the county
during the same period of time.

We therefore hold that the county commission-
ers of Starr County may each be allowed a maximum of
$50 per month for official travel within the county if
they will not be receiving pay for travel expenses
under Article 2350(6) or Article 2350(7), or will not
be using a vehicle furnished by the county or be re-
ceiving reimbursement for travel within the county
under some other statute which has escaped our atten-
tion.

## SUMMARY

The county commissioners of Starr County,
which has a population of 13,948, may each be
allowed a maximum of $50 per month under Arti-
cle 2350n, V.C.S., for traveling expenses with-
in the county if during the same period of
time they are not being furnished a vehicle
by the county or are not actually receiving
pay for traveling expenses within the county
under Article 2350(7), V.C.S., or some other
statute.  (This opinion modifies prior hold-
ings in letter opinions dated March 5, 1952,
and June 13, 1952.)

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

By   *Mary K. Wall*

Mary K. Wall
Assistant

MKW:ba